IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUL 29 2013
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Frederick Banks, an American Indian,
    Plaintiff,

v.

CIVIL ACTION NO.
1:13-CV-2064

United States Probation Department
For the Western District Of Pennsylvania;
US Department of Justice Civil Litigation Unit;
Mike Doyle, US Congressman,
    Defendants.

JURY TRIAL DEMANDED

**COMPLAINT FOR WRIT OF MANDAMUS AND DAMAGES FOR VIOLATIONS OF THE SIOUX TREATY OF FORT LARAMIE 15 stat 635 (1868) AND THE NORTHWEST ORDINANCE OF 1787**

1. This is a petition for a writ of mandamus brought to compel the United States probation office for the western district of Pennsylvania to allow me to apply for a loans encompassing grants to get my light, heat and water, and roof restored.

2. I moved the us probation office to allow me to apply for a grant and loan with the urban redevelopment association URA to complete wiring, piping, roof and gas line repairs so that service could be restored.

3. A Us dept of probation agent asked me for income verification which I provided via fax showing sufficient income to make the loan payment of $88 per month.

4. I have mailed in monthly financial reports and made restitution payments each month never missing a payment. The us probation office denied my request to apply for the grant and loan money available to me via the URA as suggested by HUD.

As an initial matter since I am an American Indian this action Is tolled because there are no statute of limitations in claims involving an American Indian. See Daney v. United States ___F.Supp___ (WDOK 1965) (stating that " Under general tax law, this statute of limitations requirement is normally a jurisdictional prerequisite. See, e.g., 10 Mertens, Federal Income Tax § 58A.06 (1960). But general rules of tax law, like general acts of Congress, do not apply to restricted Indians in such a strict manner. See, e.g., Blackbird v. Commissioner, 38 F.2d 976(10th Cir. 1930). Cf. Big Eagle v. United States, 156 Ct. Cl. 665, 300 F.2d 765 (1962).

Judge Rizley of the Western District of Oklahoma has recently ruled that a refund claim can be filed by a restricted Indian at any time. Nash v. Wiseman, 227 F. Supp. 552 (W.D. Okla. 1963). See also 10 Mertens, Federal Income Tax § 58A.06 n. 54 (1960). In other words, the non-competency of an Indian tolls the applicability of the statutes of limitations."; United States v. Sioux Nation ___US ___ (June 30 1980) Plaintiff had a contract with Defendants who have a duty of due care to assist me in bridging the gap into society. Defendants failed to allow me to apply for second chance act money and the URA loans and grants. Defendants breached the contract because they will not pay for wind and storm damage and will not allow me to apply to access to the money that is available to me.

5. As a proximate result of defendants breach Fred Banks was damaged in the amount of $57,000 plus costs interest and fees and punative damages in the amount of $100,000.

6. Ai am an American Indian under the Sioux treaty of fort Laramie the USA has a trust relationship with the Indians and an Indian wronged by these "bad me" may recover for damages against the USA and agents thereof. Moreover, defendants damaged me and violated my property rights in violation of the Northwest Ordinance of 1787 which states that the "utmost good faith shall be accorded to the Indians and in their liberty and property rights they shall never be invaded or disturbed."

7. Accordingly damages should be entered for Plaintiff and against the Defendants in the amount of $314,000.00 Plus costs, interest and fees the Defendants should be ordered enjoined from further activity and ordered to personally apologize to Plaintiff for their actions. A jury trial should be ordered and the court should issue the writ directing defendants to allow plaintiff to apply for URA loan and grant money and second chance act money regardless of if the loans and grants are denied or not. The defendant's activity was willful, knowing, intelligent, purposeful, malicious, and damaged the Plaintiff and as an approximate result Banks was damaged. Thus Defendants owe Plaintiff $57,000 on the fraud claim plus punitive damages of $100,000. for Plaintiff and against Defendants in the amount of $314,000. A jury trial should be ordered along with all other requested relief plus costs interest and fees.

WHEREFORE, damages should be entered for Plaintiff and against the Defendants in the amount of $314,000.00 Plus costs, interest and fees the Defendants should be ordered enjoined from further activity and ordered to personally apologize to Plaintiff for their actions. A jury trial should be ordered and the court should issue the writ directing defendants to allow plaintiff to apply for URA loan and grant money and second chance act money regardless of if the loans and grants are denied or not. The defendant's activity was willful, knowing, intelligent, purposeful, malicious, and damaged the Plaintiff and as an approximate result Banks was damaged. Thus Defendants owe Plaintiff $57,000 on the fraud claim plus punitive damages of $100,000. for Plaintiff and against Defendants in the amount of $314,000. A jury trial should be ordered along with all other requested relief plus costs interest and fees.

Executed this 26th day of July 2013 under the penalty for perjury to the best of my information knowledge and belief.

/s/ Frederick Banks
Po Box 42303
Pittsburgh, PA 15203

PLAINTIFF

Fred Banks
PO Box 42303
Pgh, PA 15203

RECEIVED
HARRISBURG, PA
JUL 29 2013
MARY E. D'ANDREA, CLERK
Per _____

Clerk, US Dist Court
PO Box 983
Harrisburg, PA 17108